UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | | |
|---|---|---|
| THOMAS K. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:06-cv-43 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| DOUGLAS W. HILLMAN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| THOMAS K. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:06-cv-45 |
| | ) | |
| v. | ) | |
| | ) | |
| CONTROLLED SUBSTANCES ACT, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff has filed six lawsuits within the last month, two of which are now before the court for review pursuant to 28 U.S.C. § 1915(e). In both cases, the court granted plaintiff leave to proceed *in forma pauperis,* Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of

section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *See Benzon v. Morgan Stanley Distrib., Inc.*, 420 F.3d 598, 605 (6th Cir. 2005); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the court concludes that plaintiff's lawsuits are indisputably meritless. Plaintiff's complaint against a federal statute fails to state a claim and plaintiff's lawsuit against Judge Hillman is barred by absolute judicial immunity. The complaints will therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2). Furthermore, plaintiff's pleadings have threatened, and his lawsuits have now demonstrated a clear pattern of, filing vexatious lawsuits incompatible with the privilege of proceeding *in forma pauperis*. Accordingly, plaintiff's pauper status is revoked in case number 4:06-cv-43 and an injunction will issue requiring that plaintiff pay the entire filing fee in case number 4:06-cv-43 before regaining his eligibility to proceed *in forma pauperis* in any future lawsuit filed in this court.

### Discussion

**1.    Complaints**

Plaintiff submitted a complaint on April 3, 2006, naming the State of Ohio and its governor Robert Taft as Defendants. *Thomas K. Moore v. Ohio, et al.*, 4:06-cv-31 (W.D. Mich.

2006). The case was filed on April 6, 2006, and plaintiff was granted the privilege of proceeding *in forma pauperis*. On April 13, 2006, Senior United States District Judge Gordon J. Quist issued a memorandum opinion and accompanying order dismissing plaintiff's complaint as frivolous. On April 17, 2006, plaintiff filed a notice of appeal of Judge Quist's decision.

On April 18, 2006, plaintiff submitted a lawsuit naming Judge Quist as the defendant. *Thomas K. Moore v. Judge Quist*, 4:06-cv-42 (W.D. Mich. 2006). The case was filed on April 21, 2006, when plaintiff was granted leave to proceed *in forma pauperis*. Plaintiff's complaint expresses his dissatisfaction with Judge Quist's ruling in the *Moore v. Ohio* case. The complaint concludes with the postscript set forth verbatim below:

> P.S. Tell every Judge that doesn't do his or her job that I have a Lawsuit with their name on it and it will be filed in a different Area of the state,[1] because that way I have a better chance of Getting some one who is fair.

*Moore v. Quist* is assigned to Senior United States District Judge Richard Alan Enslen.

On April 19, 2006, plaintiff submitted a third lawsuit. This lawsuit named Retired United States District Judge Douglas W. Hillman as the defendant. *Thomas K. Moore v. Judge Hillman*, 4:06-cv-43 (W.D. Mich. 2006). The complaint was filed on May 1, 2006, and plaintiff was granted leave to proceed *in forma pauperis*. Plaintiff's complaint expresses his dissatisfaction with a ruling Judge Hillman made more than five years ago in dismissing plaintiff's complaint in *Thomas K. Moore v. Judge Richard A. Santoni*, No. 4:01-cv-28 (W.D. Mich. Apr. 10, 2001). Plaintiff did not pursue an appeal. Plaintiff now alleges that Judge Hillman "used semantics to throw out

---

[1] Plaintiff on notice that deliberately filing a complaint in an inappropriate court or venue for the purpose of avoiding the adverse consequences of a court order imposing prefiling requirements is patently sanctionable conduct. *See Azubuko v. MBNA Am. Bank*, 396 F. Supp. 2d 1, 5-6 (D. Mass. 2005); *Johns v. Williams*, No. Civ. A. 4:05-cv-019-A, 2005 WL 106583, at * 3 (N.D. Tex. Jan. 19, 2005).

something he didn't quite understand." Plaintiff requests relief in the form of an order reopening the case Judge Hillman dismissed in April 2001.

Plaintiff submitted a fourth lawsuit on April 20, 2006. It was filed on May 1, 2006, when plaintiff was granted leave to proceed *in forma pauperis.* Plaintiff named a statute as the defendant. *Thomas K. Moore v. United States of America Controlled Substance Act*, 4:06-cv-45 (W.D. Mich. 2006). Plaintiff's complaint objects to federal statutes regarding marijuana and asks the court to issue an order making it a legal commodity. The complaint concludes with the postscript, "P.S. I LOVE it when its 4:20 in the day."

Plaintiff submitted fifth and sixth lawsuits on May 3, 2006. The first of these lawsuits was filed on May 8, 2006, when plaintiff was granted leave to *proceed in forma pauperis. Thomas K. Moore v. Unknown Taylor, et al.*, 4:06-cv-49 (W.D. Mich. 2006). This complaint concerns plaintiff's 1990 arrest, subsequent criminal conviction for possession of cocaine with intent to deliver, and prison sentence. The complaint names three police officers and the Kalamazoo City Police Department as defendants. Plaintiff now seeks an award of $230 million against defendants for "sending [him] to prison and ruining his life, for a crime that [he] did not commit." Attached to plaintiff's complaint are three letters addressed to "To Whom It May Concern." One of the letters is captioned "my money" and directs the recipient to pay plaintiff by cashier's check the amount demanded in his lawsuits plus an additional $10,000 in cash for plaintiff's attorney's fees. The letter states that if plaintiff is crossed, he will head to the "closest computer" and file a lawsuit costing the recipient his or her job. The content of the second letter is similar in tone and threatens the recipient with a federal lawsuit and loss of their job:

To whom it may Concern,

> Mr. Thomas Kevin Moore D.B.A. First Black American President, should in no way be detained for any reason, because he is conducting business On behalf of his country and should be afforded the utmost respect, or somebody can and will lose their job, because Mr. Moore hasn't time for games that are usually played by Government officials, and if you are reading this document, it is because you are in direct violation of Mr. Moore's Constitutional rights, and you are subject to your very own Federally funded lawsuit, but if you have made an honest mistake, then your best course of action is to no longer detain Mr. Moore and try apologize for a understandable error, but if you were rude in any way shape or form, then please give Mr. Moore your information that he will be expecting, and you can read about what you did wrong via a Federal Lawsuit. Mr. Moore in no way is going to break any law in this fine country, but if you broke any Civil Rights Laws or Criminal Laws, then expect to have your job in question in the very near future. Thank you for your cooperation in this matter, and good luck, because your job may depend on it.

This case has been assigned to Senior Judge Quist.

Plaintiff's second complaint submitted on May 3, 2006 named Judge Westra as the defendant. *Thomas K. Moore v. Judge Westra*, No. 4:06-fp-48-RAE (W.D. Mich.) This matter is has been assigned to Senior Judge Richard Alan Enslen. The complaint has not yet been filed because no order allowing plaintiff to proceed *in forma pauperis* in this case has been entered.

**2.      Cases 4:06-cv-43 and 4:06-cv-45**

Upon review, it is patent that all plaintiff's claims against Judge Hillman are barred by judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001). The Controlled Substances Act is a statute, not a person. Plaintiff's complaint against the statute fails to state a claim upon which relief may be granted. Accordingly, plaintiff's complaints in Cases 4:06-cv-43 and 4:06-cv-45 will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**3.      Revocation of *in forma pauperis* Privilege and Injunction**

Proceeding *in forma pauperis* is a privilege and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *see Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996)( "Leave to proceed without prepayment of fees and costs is a privilege, not a right" and courts have discretion to revoke that privilege when it no longer serves its goals). It is well established that federal courts have inherent powers to impose appropriate sanctions to deter future frivolous lawsuits and/or relitigation of the same lawsuit and frivolous and vexatious litigation. *See Cauthon v. Rogers*, 116 F.3d 1334, 1337 (10th Cir. 1997); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480, at * 3 (6th Cir. Mar. 15, 1995); *accord Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Telechron, Inc. v. Intergraph Corp.*, No. 95-1039, 1996 WL 370136, at * 2 (6th Cir. July 2, 1996).

Every paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. *See In re McDonald*, 489 U.S. 180, 184 (1989); *see also Demos v. Storrie*, 507 U.S. 290 (1993); *In re Sindram*, 498 U.S. 177, 180 (1991)("The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous [claims]."). "'Frivolous, vexatious, and repeated filings by *pro se* litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit . . . .'" *Purk v. United States*, No. 3:03 cv 287, 2005 WL 776135, at * 3 (S. D. Ohio 2005)(quoting *United States v. Circuit Court for Taylor County*, 73 F.3d 669, 671 (7th Cir. 1995)). "'[O]ne acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse

-6-

already overloaded court dockets.'" *Bradley v. Wallrad*, No. 1:06 cv 246, 2006 WL 1133220, at * 1 n. 2 (S.D. Ohio Apr. 27, 2006)(quoting *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988)).

    Federal district courts necessarily have considerable discretion in drafting orders restricting a litigious party's access to courts. *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002) (given the plaintiff's "near obsession regarding his former employer, injunctive means [was] the only means that offer[ed] any chance of preventing further harassment"); *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993); *United States v. MK-Ferguson Co.*, 99 F.3d 1538, 1548 (10th Cir. 1996); *Kettenburg v. Wal-Mart*, No. 04-cv-957E, 2004 WL 3019169, at * 2-4 (W.D.N.Y. Dec. 23, 2004); *Ulysses I & Co. v. Feldstein*, No. 01 CV 3102 LAP, 2002 WL 1813851, at * 13 (S.D.N.Y. Aug. 8, 2002) ("The Federal courts have an institutional concern and obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."). Both the Supreme Court and the Sixth Circuit have reaffirmed the district court's inherent authority to take action to prevent abuse of the judicial system. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991); *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997); *accord First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002). A prerequisite to the exercise of such power is a finding that a litigant has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Big Yank*, 125 F.3d at 313; *See Youn v. Track, Inc.*, 324 F.3d 409, 421 (6th Cir. 2003). The concept of bad faith is an objective one. *See Coppedge v. United States*, 369 U.S. 348, 445 (1962). A claim is brought in bad faith if it is frivolous. *Id.*; *see Nabkey v. Gibson*, 923 F. Supp. 117, 122 (W.D. Mich. 1990). Objectively, plaintiff's lawsuit against Judge Hillman was filed vexatiously and in bad faith.

The court's order under its inherent powers cannot completely foreclose a litigant from access to the court. *See Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). However, the right of access to courts is neither absolute or unconditional, and there is no right of access to the courts to prosecute an action that is frivolous and malicious. *See Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989); *Warren v. Michigan Dep't of Corr.*, No. 1:05-cv-654, 2005 WL 2461161, at * 2 (W.D. Mich. Oct. 4, 2005). Requiring court review of any proposed future filings by plaintiff would likely result in waste of scarce judicial resources. *See Sassower v. American Bar Ass'n*, 33 F.3d 733, 736 (7th Cir. 1994). Severe sanctions such as a permanent injunction prohibiting plaintiff from proceeding *in forma pauperis* in any future federal court lawsuit and/or requiring plaintiff to post a bond in any future lawsuits to cover potential costs, attorney's fees, and other sanctions[2] have been considered, but at present do not appear to be warranted. Plaintiff is expressly advised that a continuation of his pattern of abusive lawsuits will be met with such sanctions. At present, the court finds that requiring plaintiff to pay the filing fee in case number 4:06-cv-43 before regaining his eligibility to file future lawsuits in this court on an *in forma pauperis* basis is an appropriate remedy. *See United States v. Circuit Court for Taylor County*, 73 F.3d at 674; *Johnson v. Tuff n Rumble Mgmt., Inc.*, No. 99-1374, 2000 WL 622612, at * 10 (E.D. La. May 15, 2000); *Jean v. Dugan*, 29

---

[2]*See Stewart v. Fleet Fin.*, No. 99-2282, 2000 WL 1176881, at * 2 (6th Cir. Aug. 10, 2000) (affirming this court's order requiring plaintiff to file a $25,000 bond); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *see also Marbly v. Mueller*, 71 F. App'x 570 (6th Cir. Aug. 11, 2003)(upholding district court's enforcement of injunction prohibiting plaintiff from filing complaints against federal agents without leave of court); *Johnson v. Serelson*, 23 F. App'x 949 (10th Cir. 2001)(upholding injunction requiring that the plaintiff, regardless of whether he paid a filing fee, to attach to his complaint a list of all lawsuits pending or previously filed, identify any court imposed sanctions or injunctions (such as requiring that plaintiff be represented by an attorney), attach an affidavit identifying the issues and stating that the lawsuit was not being filed for any improper purpose, and providing for review and approval of the proffered by the chief judge before being allowed to proceed with filing a proffered pleading).

F. Supp. 2d 939 (N.D. Ind. 1998) (requiring payment of all sanctions and imposing $5,000 bond before allowing plaintiff to bring any future lawsuits). The court concludes that the least severe sanction likely to deter this plaintiff from filing future vexatious and frivolous lawsuits is requiring him to pay the filing fee in one of the cases he has filed before he regains eligibility to initiate new lawsuits without prepayment of the court's filing fee. The injunctive relief has no punitive aspect, and serves a purely deterrent function. The injunction does not close the courthouse to plaintiff, but does impose financial consequences designed to compel plaintiff to seriously consider what he is doing before initiating another lawsuit.

Plaintiffs must attach a copy of this opinion and the court's accompanying judgment and permanent injunction to any future complaints filed in any federal or state court until the entire filing fee in case no. 4:06-cv-43 is paid. *See Feldstein*, 2002 WL 1813851, at * 14-16 (extending the attachment requirement to state courts as well as federal courts for the purpose of providing notice, in the spirit of cooperative federalism, to prevent religitation of barred claims). Plaintiff's failure to comply with the terms of the court's injunction shall be sufficient grounds to dismiss a future complaint in this court with prejudice and/or grounds for contempt proceedings. *See Martin v. United States*, 245 F. Supp. 2d 92, 93-94 (D.D.C. 2003).

### **Conclusion**

For the reasons set forth herein, plaintiff's lawsuit against Judge Hillman will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because Judge Hillman is entitled to judicial immunity and plaintiff's complaint against the Controlled Substances Act fails to state a claim upon which relief can be granted. On the same grounds, the court certifies that any appeal of this decision

would be frivolous and brought in bad faith, 28 U.S.C. § 1915(a)(3), and the court will deny plaintiff leave to appeal *in forma pauperis*. A permanent injunction will issue to deter future abusive lawsuits by plaintiff.


Date:   May 11, 2006                           /s/ Robert Holmes Bell
                                                                           ROBERT HOLMES BELL
                                                                           CHIEF UNITED STATES DISTRICT JUDGE